IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CASE NUMBER 1:17-CR-28-6-MJT |
| | § § | |
| TERRACE LYDELL WILLIAMS | § § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pending before the undersigned is a *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. #315) filed by the Defendant, Terrace Lydell Williams, on December 2, 2020.[1] Williams is currently serving a sentence for violation of 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute and Distribution of 50 grams or more of Methamphetamine). (Doc. #272.) The United States filed a response to the Defendant's motion on October 12, 2021. (Doc. #333.) After reviewing all applicable facts and law, the undersigned recommends that the Defendant's motion be denied.

### I.   ISSUES PRESENTED

The Defendant argues that he should receive compassionate release due to COVID-19. (Doc. #315.) The Government responds stating that the Defendant's medical issues do not rise to the level of extraordinary and compelling circumstances; he has already recovered from COVID; he received the COVID vaccine; he is still a risk of danger to the community due to his history of violent criminal conduct; and he has only served just over half of his sentence. (Doc. #333.)

---

[1] This motion is referred to the undersigned United States magistrate judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law.  28 U.S.C. § 636(b)(1)(B); E.D. TEX. LOCAL R. CR-59(a); Doc. #343.

## II. LEGAL STANDARD

Section 3582(c)(1)(A) "authorize[s] a sentence reduction where: (1) 'extraordinary and compelling reasons warrant such a reduction,' (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,' and (3) such a reduction is appropriate 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *United States v. Shkambi*, 993 F.3d 388, 389 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

Before seeking relief from the court, a defendant must first submit a request to the facility's warden where he is housed to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait 30 days from the warden's receipt of his request. 18 U.S.C. § 3582(c)(1)(A); *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020). Here, the Government does not dispute that Williams has met this requirement. Neither does this court.

Section 3582(c)(1)(A) does not define the "extraordinary and compelling reasons" that may merit compassionate release. The Sentencing Commission, however, has the authority to "promulgate general policy statements … that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Williams*, No. 3:18-CR-0291-B-2, 2021 WL 1865005, at *2 (N.D. Tex. May 10, 2021) (quoting *Shkambi*, 993 F.3d at 391). On November 1, 2023, the Sentencing Commission issued an amended policy statement, U.S.S.G. § 1B1.13, setting forth the circumstances that are considered "extraordinary and compelling reasons." These include the defendant's medical circumstances, age, family circumstances, whether the defendant is a victim of abuse, "other reasons," and whether he is serving an unusually long sentence. *See* U.S.S.G. § 1B1.13(b). As of November 1, 2023, policy statement 1B1.13 applies to motions filed by the Director of the BOP and motions filed by the defendant himself. U.S.S.G. § 1B1.13(a).

### III.  ANALYSIS

#### A.  *Exhaustion of Administrative Remedies*

As stated above, a request for compassionate relief must first be presented to the BOP for consideration. After 30 days have passed or the defendant has exhausted all administrative rights to appeal the BOP's failure to move on his behalf, a defendant may ask a court for a sentence reduction under section 3582(c)(1)(A). Here, the Government concedes that the Defendant made a request to the warden at the Federal Correctional Institution in Beaumont, Texas on August 6, 2020, and the warden denied his request on August 11, 2020. Therefore, the Defendant has satisfied his administrative exhaustion requirement. (Doc. #333, at 2-3; Doc. #335-2.)

#### B.  *Extraordinary and Compelling*

##### 1.  *Medical Conditions*

Extraordinary and compelling reasons exist regarding a defendant's medical condition when the defendant is "suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)" or when a defendant is "suffering from a serious physical or medical condition," "suffering from a serious functional or cognitive impairment," or "experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13. In addition, a defendant may seek release if he is suffering from a medical condition that requires long term or specialized medical that is not being provided. *Id.* Lastly, extraordinary and compelling reasons exist if the facility where the defendant is housed is affected or at imminent risk of being affected by an ongoing outbreak of an infectious disease or public health emergency and the defendant is at an

increased risk of suffering severe medical complications or death and such risk cannot be adequately mitigated in a timely manner. *Id.*

Courts that have granted compassionate release based on a prisoner's health problems "largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns." *Thompson*, 984 F.3d 431, 434–35 (5th Cir. 2021). Thus, "compassionate release due to a medical condition is an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019). The Government and the United States Probation Office believe that the Defendant has failed to meet this exacting standard. The court agrees.

"Fear of COVID doesn't automatically entitle a prisoner to release." *Thompson*, 984 F.3d at 435; *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Defendant's medical records do not indicate that he has any severe health concerns that would render him more susceptible to COVID-19. He is fully ambulatory and engages in normal activities, such as basketball. In his PSR, he stated that his current overall physical health is good and he has no history of suffering from any serious or chronic illnesses, or other medical conditions. (Doc. #245, at 15.) There is no indication that he cannot provide self-care within the facility.

In addition, the Defendant already contracted COVID-19 and recovered without any hospitalization. Contracting the virus while incarcerated, even in conjunction with preexisting health conditions, is insufficient to establish exceptional and compelling circumstances warranting compassionate release. *See United States v. Jackson*, No. 3:16-CR-196-L-1, 2020 WL 4365633,

at *2 (N.D. Tex. July 30, 2020) (finding that defendant had failed to present extraordinary and compelling reasons for compassionate release despite suffering from previous underlying health conditions and testing positive for COVID-19). The fact that Defendant recovered from COVID-19 diminishes the risk that a future infection will be severe according to CDC reports. *Id.* (citations omitted); *see also United States v. Wiltshire*, No. 11-310, 2020 WL 7263184, at *6 (E.D. Pa. Dec. 9, 2020) ("[T]his Court is unable to find a case granting compassionate release to a defendant who recovered from COVID-19 and was asymptomatic. To the contrary, the consensus is that such a circumstance does not warrant release."); *United States v. Pavao-Kaaekuahiwi*, No. 19-00082, 2020 WL 7700097, at *3 (D. Haw. Dec. 28, 2020) (reviewing studies concluding that recovered patients are at lower risk for future infections).

Moreover, the Defendant received both doses of the Pfizer vaccine in 2021. The vaccine renders an inmate protected from the virus. *See United States v. Groom*, No. 2:17-cr-159, 2021 WL 1220225, at *2 (S.D. Ohio Apr. 1, 2021); *United States v. Grummer*, 519 F. Supp. 3d 760 (S.D. Cal. 2021) (denying compassionate release to a vaccinated defendant with several chronic medical conditions); *United States v. Wakefield*, No. 1:19-cr-00095-MR-WCM, 2021 WL 640690, at *3 (W.D.N.C. Feb. 18, 2021) (denying compassionate release to a defendant presenting with obesity, diabetes, and hypertension who received his first dose but had also previously tested positive); *United States v. Smith*, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021) ("[A]bsent some shift in the scientific consensus, Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)."). Furthermore, the fact that Defendant's facility is inoculating residents supports the conclusion that the BOP is taking adequate precautions to protect him. *See*

*United States v. Lipscomb*, No. 2:18-cr-34-SPC-NPM, 2021 WL 734519, at *2 (M.D. Fla. Feb. 25, 2021).

A successful recovery combined with vaccination weighs strongly in favor of this court denying compassionate release. *See, e.g., Wakefield*, 2021 WL 640690, at *3 ("Because he has already contracted the virus and recovered without complication, and because he is in the process of being vaccinated, the Defendant cannot meet his burden of establishing that his COVID-19 risk is an extraordinary and compelling reason for his release," even though he presented with obesity, diabetes, and hypertension); *United States v. Roe*, 2021 WL 1711296, at *2 (S.D. Ohio Apr. 30, 2021) (defendant recovered from COVID-19 and received vaccine; therefore, he was not eligible for relief notwithstanding health conditions including diabetes and heart, kidney, and respiratory ailments).

In addition to vaccinations, the BOP is reducing the spread of the virus through a comprehensive approach that implements quarantining, social distancing, masks, limiting visitors, and transferring qualified inmates to home confinement. (Doc. #233.) The BOP's "action plan" is accessible in full at www.bop.gov/coronavirus/. Accordingly, the court finds that the Defendant does not present extraordinary and compelling reasons for release predicated on COVID-19.

### C. Sentencing Factors

Notwithstanding all previous analysis, compassionate release should be denied because this court must consider all pertinent circumstances, including the Section 3553(a) factors and possible danger to the community. *See United States v. Doe*, 833 F. App'x 366, 368 (3d Cir. 2020) (affirming the denial of compassionate release when the defendant presented medical risk, holding that the district court did not abuse its discretion in considering the nature of the offense, the defendant's history, and the status of the virus at the facility); *United States v. Bullock*, 833 F.

App'x 934, 935 (3d Cir. 2021) (determining that the district court did not abuse its discretion in denying relief for medically vulnerable inmate upon considering the Section 3553(a) factors, including the substantial time remaining to be served, criminal history, and institutional infractions).

Compassionate release is not merited here after considering the applicable factors set forth in Section 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A) (requiring courts to consider the § 3553(a) factors before granting compassionate release); *United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020). Even when a prisoner has demonstrated an extraordinary and compelling reason under the compassionate-release statute, relief may still "be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *Chambliss*, 948 F.3d at 693; *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) ("We have repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief.").

### 1. *Denying compassionate release will promote just punishment and respect for the law.*

First, granting this motion would fail to provide just punishment for his offense and promote respect for the law. Courts that have granted compassionate release "largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns." *Thompson*, 984 F.3d at 434–35. For example, in *Chambliss*, while the defendant's terminal illness "constitut[ed] 'an extraordinary and compelling reason for a sentence reduction' and he '[did] not present a danger upon release,'" the court denied compassionate release because "releasing [defendant] after serving only 14 years of a 30-year sentence minimizes both the impact of [defendant's] crime and seriousness of the offense." 948 F.3d at 693–94. Here, the Defendant began his sentence in 2017 and has served just over half of this sentence. Probation

reported that his projected release date is July 13, 2024. However, the BOP website used to locate inmates states that the Defendant escaped on April 5, 2023. *See* https://www.bop.gov/inmateloc/ (last visited Nov. 3, 2023). Considering the nature of his offense and his escape, the court finds that denying compassionate release "would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'" *Chambliss*, 948 F.3d at 693–94.

### 2. *The court cannot conclude that Defendant does not pose a danger to the community.*

This court must deny a sentence reduction unless it determines that the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). "The best predictor of how [a defendant] will behave if he were to be released is how he behaved in the past." *United States v. Preston*, No. 3:18-CR-307-K, 2020 WL 1819888, at *4 (N.D. Tex. Apr. 11, 2020) (quoting *United States v. Martin*, 447 F. Supp. 3d 399, 403 (D. Md. 2020)). In this spirit, the Government argues that the Defendant continues to present a danger to the community and should be required to serve the sentence that this court imposed for his criminal conduct. (Doc. #333.) The court agrees.

The Defendant is 38 years old and is serving a sentence for conspiracy to possess with intent to distribute and distribution of methamphetamine. The Defendant was personally responsible for 233.6 grams of a mixture or substance containing methamphetamine. (Doc. #245.) He received a sentence of 96 months. (*Id.*) The Defendant's criminal history goes back to the age of 12 and includes burglary, drugs, theft, failure to appear, evading arrest, as well as arrests for criminal mischief, violation of court order, aggravated robbery, assault, unlawful restraint, drugs, and tampering with evidence. (*Id.*) During his present period of incarceration, the Defendant has also had at least 3 incident reports. Moreover, the Defendant currently has an escape status.

Therefore, the nature of the Defendant's original offense, criminal history, and all other applicable factors fail to persuade the court that the Defendant does not pose a danger to the community. *See* 18 U.S.C. § 3553(a)(1), (2). Accordingly, this court must deny the Defendant's motion after considering the Section 3553 factors.

## IV.  RECOMMENDATION

"[C]ompassionate release is discretionary, not mandatory." *Chambliss*, 948 F.3d at 693. In exercising its discretion, the court finds that no extraordinary and compelling reasons exist. Having determined that extraordinary and compelling reasons justifying release are not present and considering all other applicable factors, the undersigned recommends that the court DENY the Defendant's motion for compassionate release (doc. #315).

## V. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. LOCAL R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district

judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 7th day of November, 2023.**

_____

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE